# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EVAN C. FISHINGHAWK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARL BEAR, WARDEN, et al., )<br>)<br>Defendants. ) | Case No. CIV-18-926-SLP |

## O R D E R

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter was referred to United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Rule 72(b) of the Federal Rules of Civil Procedure.

On October 16, 2018, Judge Erwin issued a Report and Recommendation [Doc. No. 12] in which he recommended Plaintiff's Complaint be dismissed without prejudice due to Plaintiff's failure to comply with the Court's Order [Doc. No. 7] directing Plaintiff to either pay the $400.00 filing fee or submit a motion to proceed in forma pauperis conforming to the statutory requirements of 28 U.S.C. § 1915(a)(2) on or before October 11, 2018.

In the Report and Recommendation, Judge Erwin advised Plaintiff of his right to object to the findings set forth therein and further advised Plaintiff that failure to timely object would constitute a waiver of his right to appellate review of the factual and legal matters in the Report and Recommendation. On October 26, 2018, Plaintiff submitted what appears to be an objection to the Report and Recommendation. *See* Obj. [Doc. No. 13].

Plaintiff states he has no funds to "appeal." He further states that he has turned this case into a class action and references a class action complaint mailed on October 18, 2018. A review of the Court's docket demonstrates that Plaintiff did commence a separate action purportedly as a class action by filing a complaint on October 19, 2018. *See Fishinghawk et al., v. Bear, et al.*, Case No. CIV-18-1033-SLP (W.D. Okla. Compl. [Doc. No. 1]).

Plaintiff does not object to the findings set forth in the Report and Recommendation or attempt to demonstrate cause for his failure to cure the deficiencies noted by the Court. Instead, Plaintiff states that he "object[s] to not refiling" and asks that *if* the Court dismisses his action, it do so without prejudice so that Plaintiff can "file properly." Although the Court could construe Plaintiff's submission as a notice of voluntary dismissal, the Court declines to do so. Plaintiff has demonstrated his ability to file a notice of voluntary dismissal in other litigation before this Court and did not expressly do so in this action. *See, e.g., Fishinghawk v. Bear, et al.*, Case No. CIV-18-216-SLP, Notice of Voluntary Dismissal [Doc. No. 21] and *Fishinghawk v. Harbin, et al.*, Case No. CIV-18-291-SLP, Notice of Voluntary Dismissal [Doc. No. 9]. Instead, the Court adopts the Report and Recommendation and dismisses the action without prejudice pursuant to Fed. R. Civ. P. 41(b) based on Plaintiff's failure to comply with the Court's Order.[1]

---

[1] The Report and Recommendation does not cite Fed. R. Civ. P. 41(b) as authority for the dismissal, but relies on *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n. 2, 1162 (10th Cir. 2007), which, in turn, recognizes that Rule 41(b) "has long been interpreted to permit courts [as here] to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders." *Id*. at 1162 n. 2 (internal quotation marks and citation omitted).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 12] is ADOPTED in its entirety.

IT IS SO ORDERED this 31st day of October, 2018.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE